NATHANIEL STICKNEY *vs.* ASA CLEMENT, Administrator.

In an action on a promissory note, by one who took it when overdue, against the adminis-trator of the maker, the defendant cannot set off a note made to his intestate by the payee of the note sued upon, and sold and delivered by the intestate in his lifetime to the defendant, though not formally indorsed to the defendant.

ACTION OF CONTRACT against the defendant, as administrator of the estate of Lendall Underwood, on a promissory note made by him payable to Atis Osgood or order, and indorsed, when overdue, to the plaintiff.

The defendant admitted this note to be due; but filed in set-off a note made by Osgood to Underwood or order, which Un-derwood, before the making of the note declared on, had sold and delivered, for a valuable consideration, to the defendant, but had not indorsed it, nor had the defendant indorsed it, since Underwood's death, as his administrator.

The parties submitted to the decision of the court the ques-tion whether the set-off could be allowed.

*T. H. Sweetser & W. S. Gardner,* for the plaintiff.

*D. S. Richardson,* for the defendant.

BIGELOW, J. There are two decisive answers to the defend-ant's claim in set-off.

1. He is sued in his representative capacity, as administrator of the estate of Underwood, the maker of the note declared on. His right of set-off is defined and limited by the Rev. Sts. *c.* 96, § 14, by which it is provided that, in actions against administra-tors, the defendants may set off demands " belonging to 'their intestates" in the same manner as they would have been enti-tled to set off the same in an action against themselves. The facts in this case show that the note filed in set-off did not be-long to the intestate, but was sold and delivered to the defendant in his own right long before the decease of the payee.

Nor would the intestate, if living, have had a right to claim the note in set-off as against the plaintiff. By § 4 of the same chapter it is provided that no demand shall be set off, unless at

the time of the commencement of the suit " it belonged to the defendant." It would therefore have been a good answer, to a claim by the intestate to set off this note against the plaintiff, that it did not belong to him at the time the suit was brought. The defendant therefore fails to bring his demand within the provision of § 12, allowing administrators to file claims in set-off.

2. An equally decisive answer to the defendant's claim is, that it belongs to him in his own right, and not to the estate of his intestate. If collected, the whole proceeds would go to him in his individual capacity, as beneficial owner of the note, and not into his hands in his capacity of administrator, as assets. The claim therefore comes within the prohibition contained in the Rev. Sts. c. 96, § 15, by which it is provided that, in suits against administrators, no demand shall be set off that is due to them in their own right.

The whole argument in support of the defendant's right of set-off is founded on the facts, that he happens to be the administrator of the payee of the note which he claims in set-off, and that his title to it is derived by delivery from the intestate, and not by indorsement. But these circumstances do not at all alter his legal right of set-off, which must depend on general rules, equally applicable to all cases, and not upon the accidental relations of parties in a particular case. A creditor, by obtaining letters of administration upon the estate of his debtor, can gain no advantage nor acquire any superior right over other creditors of the intestate. His rights as a creditor remain unchanged. If the argument of the defendant's counsel were well founded, then, if the estate of the intestate were insolvent, the defendant would be able to secure his whole claim by way of set-off, and thus defeat the legal and equitable claims of other creditors. This clearly he could not do. *Davis* v. *Newton*, 6 Met. 542. The defendant can at any time indorse the note as administrator, and vest in himself the same title to the note as he would have had if it had been indorsed by the intestate in his lifetime. By omitting to do so, he cannot obtain any better right of set-off. *Judgment for the plaintiff.*